# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0590, <u>Rebecca Maloney v. City of Dover Recreation Department</u>, the court on August 21, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The plaintiff, Rebecca Maloney, appeals an order of the Superior Court (<u>St. Hilaire</u>, J.) granting summary judgment to the defendant, the City of Dover Recreation Department (city), on her claims of employment discrimination under RSA 354-A:7 (2022), and violations of New Hampshire's Whistleblowers' Protection Act, RSA chapter 275-E (2023). The plaintiff argues that the trial court erred by determining that the city established nondiscriminatory reasons for its adverse employment actions, and that she failed to establish a genuine issue of material fact that the proffered reasons for the adverse actions were pretextual. We affirm.

When reviewing a trial court's decision granting summary judgment, we consider the evidence submitted on summary judgment in the light most favorable to the nonmoving party, and if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. <u>Hardy v. Chester Arms, LLC</u>, 176 N.H. ___, ___ (2024), 2024 N.H. 5, ¶7; <u>see</u> RSA 491:8-a, II, III (2010). A fact is material if it affects the outcome of the case under applicable law. <u>Hardy</u>, 176 N.H. at ___, 2024 N.H. 5, ¶7. If our review of the evidence discloses no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, we will uphold the trial court's decision to grant summary judgment. <u>Id</u>. We review the trial court's application of law to the facts <u>de novo</u>. <u>Id</u>.

Within the context of a claim for employment discrimination under RSA 354-A:7, absent "direct evidence" of discrimination, a plaintiff "must resort to the burden-shifting paradigm articulated in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04 (1973)" to establish a causal link between an adverse employment action and the defendant's alleged discriminatory animus sufficient in order to survive summary judgment. <u>Burnap v. Somersworth Sch. Dist.</u>, 172 N.H. 632, 637 (2019). Under this framework, the plaintiff must first establish a <u>prima facie</u> case of discrimination. <u>Id</u>. If the plaintiff has carried the initial burden, the defendant must produce evidence of some legitimate, nondiscriminatory basis for its action. <u>Id</u>. at 637 & n.3. At that point, the plaintiff must "offer sufficient evidence of a genuine issue of material fact that the proffered reason[s are pretextual] for unlawful discrimination." <u>Id</u>. "[T]he plaintiff must do more than dispute the employer's stated justification; she must elucidate specific facts which would enable a jury to find that the reason

given was not only a sham, but a sham intended to cover up the employer's" discriminatory motive.  Id. at 637.  A similar analysis applies to claims under RSA chapter 275-E.  See Appeal of Seacoast Fire Equip. Co. 146 N.H. 605, 608 (2001) (adopting McDonnell Douglas framework for whistleblower claims under RSA chapter 275-E).

The burden of persuasion remains always upon the plaintiff.  Burnap, 172 N.H. at 637 n.3.  In opposing summary judgment, the plaintiff may not "rest[] merely upon conclusory allegations, improbable inferences, and unsupported speculation" to establish the employer's motive or intent.  Id. at 636 (quotation omitted).

In this case, the plaintiff, whom the city had employed as a lifeguard and swimming instructor on a part-time, seasonal basis since 2004, asserts that following her surgery in May 2017 to address a medical condition, the city engaged in a series of adverse employment actions, including the hiring of a younger colleague to a full-time position, motivated by discriminatory animus based upon her age and disability.  These actions culminated, according to the plaintiff, with the city terminating her employment in September 2019, citing the following grounds for the termination: (1) an incident on Labor Day of 2018 in which the plaintiff displayed poor lifeguarding skills and subsequently misstated facts regarding the incident in an email to her supervisor; (2) the plaintiff's practice of submitting time to the city for reimbursement while she was simultaneously being paid by a high school to coach swimming at the city's facility; (3) an incident in January 2019 in which the plaintiff submitted a timecard that included time in which she was not present and working; and (4) an incident in September 2019 in which the plaintiff was found to have been involved in a false report of a rodent issue at the city's pool facility.

In granting summary judgment, the trial court determined that the city met its burden to demonstrate legitimate, nondiscriminatory grounds for its challenged actions, and that the plaintiff failed to establish that those grounds were pretextual.  The plaintiff challenges the trial court's analysis, arguing that the city "attempted to offer legitimate nondiscriminatory bases for some, but not all, of its actions," and that "what justifications it does offer do not withstand scrutiny" for purposes of summary judgment.  We disagree.

As the trial court correctly observed, evidence in the summary judgment record supports the city's position that it hired the plaintiff's colleague because the colleague had a relevant degree, and because the colleague had expressed, during her interview, vision for the position, including the development of special needs programming.  By contrast, the evidence establishes that the plaintiff's responses to questions regarding her "vision" concerning the position expressed that "it wouldn't change much of her daily work life.  She was still going to be opening the pool and working her current role."  That the person

2

hired for the position may not have subsequently fulfilled her stated vision for it does not establish that the city's decision to select her over the plaintiff on that basis at the time that it selected her was a "sham" intended to hide its discriminatory animus toward the plaintiff.

Likewise, evidence in the summary judgment record supports each of the four nondiscriminatory, legitimate grounds cited by the city in terminating the plaintiff's employment in September 2019, and the plaintiff identifies no evidence from which a jury reasonably could find, beyond speculation, that the reasons offered were "shams" intended to hide an unlawful motive or motives. To the extent that the plaintiff claims that the city had employment policies that allowed her to work for a different employer while simultaneously being paid by the city for the same time, or to submit timecards reflecting time that she was not actually present and working due to inclement weather, she presents no evidence corroborating her claims. Indeed, the affidavits and employment policies introduced by the city demonstrate that: (1) hourly employees, like the plaintiff, were required to submit timecards for the hours they worked; (2) the city had a written policy expressly requiring employees not reporting to work due to inclement weather, in the absence of the city's decision to curtail or limit relevant services due to weather, to utilize annual leave or a personal day if available, and otherwise to be uncompensated for the time missed; and (3) submission of a falsified timecard was a terminable offense. To the extent the plaintiff seeks to ground her claims upon a number of other alleged adverse actions under the McDonnell Douglas framework, we have reviewed the summary judgment record, and conclude that the plaintiff has failed to establish that the trial court erred by granting summary judgment. See Gallo v. Traina, 166 N.H. 737, 740 (2014).

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3